## Harrison v. Union Stove Company.

(Decided October 26, 1917.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. Appeal and Error—Proceedings to Bring Up Record—Subpoena Duces Tecum.—A subpoena duces tecum requiring the clerk of a circuit court to produce and file in the Court of Appeals depositions that were taken for the circuit court and used on the trial of the case therein, will not be awarded by the Court of Appeals, where it is made to appear that such depositions were omitted by the plaintiff from the schedule filed by him in the office of the clerk of the court directing him what part of the record should be copied and included by him in the transcript to be used on the appeal of the case.

2. Appeal and Error—Proceedings to Bring Up Record—Bill of Exceptions.—Kentucky Statutes, section 4644, allows the transcript of the evidence made and filed in the court below by the offcial stenographer to be brought with the record on appeal of the case to the Court of Appeals and used upon the hearing of the appeal in its original form; but depositions cannot be used in this court in their original form. They must be made a part of the record by bill of exceptions and copied therein as other parts of the record; and to this end the schedule filed in the lower court should direct that they be so copied in the bill of exceptions.

WILLIAM F. CLARK, Jr., for appellant.

JOHN IRICK and ED. C. WURTELE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Setting aside order awarding subpoena *duces tecum* against the clerk of the Jefferson Circuit Court.

On appellant's motion, a subpoena *duces tecum* was heretofore issued by order of this court requiring Frank Dugan, the clerk of the Jefferson circuit court, to file with the clerk of this court certain depositions taken in behalf of appellant and used on the tral of this case in the court below.

The motion for the subpoena *duces tecum* was vague in its statements as to the papers wanted and the reasons for their production here, and was inadvertently sustained by the Chief Justice upon the assumption that the papers desired for use in this court were exhibits, the materiality of which as evidence could be understood only from a personal inspection of them on the hearing of the appeal in this court. It appears, however, from a response to the subpoena *duces tecum* filed in this court by the clerk of the Jefferson circuit court, that the depositions it required him to produce should have been copied and made a part of the bill of evidence filed as a part of the record in this court; but that this was not done because the schedule filed by appellant in the lower court directing what part of the record should be copied, omitted any direction to copy these depositions.

Kentucky Statutes, section 4644, allows the transcript of the evidence made and filed in the court below by the official stenographer, to be brought to this court and used upon the hearing of the appeal therein in its original form; but depositons taken before trial and used on the trial in the circuit court cannot be used in this court in their original form. They must be made a part of the record by bill of exceptions, and copied therein or elsewhere in the record properly identified and made a part thereof; and to this end the schedule filed in the lower court should direct that they be so copied, unless it direct the copying of the entire record. As the depositions in question were not copied into the record, because omitted from the schedule filed by appellant in the court below, he is not entitled to have the originals filed in this court for use on the hearing of his appeal; and to permit this to be done would unjustly deprive the clerk of the Jefferson circuit court of the fees he would have been legally entitled to receive for copying same.

For the reasons indicated the response of the clerk of the Jefferson circuit court is held sufficient, and, therefore, sustained; and the order heretofore entered awarding appellant the subpoena *duces tecum,* is set aside at his cost.